NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

ROBERT J. MEYER,

       Plaintiff,

  v.

LIEUTENANT KENT, et al.
       Defendants.

CIVIL ACTION NO. 01-5836 (DRD)

**OPINION**

Appearances

WALDER, HAYDEN & BROGAN, P.A.
Peter G. Bracuti, Esq.
5 Becker Farm Road
Roseland, New Jersey 07068
    *Pro Bono Counsel for Plaintiff*

PETER C. HARVEY
ATTORNEY GENERAL OF NEW JERSEY
Tamara L. Rudow, Deputy Attorney General
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
    *Attorney for Defendants Grace Rogers, Glenn Ferguson, Angel Santiago, Lieutenant Kent, Sergeant Jerry Collins, Sergeant Gene Prince, SCO Alex Cruz, SCO Christopher Esposito, SCO Louis Hall, SCO Kevin Jones, SCO Angel Munoz, SCO LeGrande Roseborough, SCO Joseph Sommers, and SCO Miguel Velez*

***OPINION***

**DEBEVOISE, Senior District Judge**

      This matter comes before the Court on Defendants' motion for summary judgement pursuant to Fed R. Civ. P. 56 on the remaining count of Plaintiff's Complaint which seeks

declaratory relief and compensatory and punitive damages pursuant to 42 U.S.C. § 1983. Plaintiff is a sexually violent predator involuntarily committed to the Special Treatment Unit in Kearny, New Jersey. He alleges that Defendants violated the Fourteenth Amendment by using excessive force to restrain him. Defendants now move for Summary Judgement alleging qualified immunity, de minumus injuries suffered by Plaintiff, lack of personal involvement of several Defendants, impropriety of awarding monetary damages from defendants in their official capacity, and Plaintiff's failure to prove that he is entitled to punitive damages. Defendants' motion will be granted in part and denied in part.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a sexually violent predator involuntarily civilly committed to the Special Treatment Unit ("STU") in Kearny, New Jersey. (Am. Compl., p. 2) Plaintiff alleges that he was subjected to excessive use of force by several members of the STU staff on October 25, 2001 when they attempted to search his room and property. (Am. Compl., p. 10) Plaintiff claims that he was in his room on that date when several members of the staff appeared and attempted to conduct an inspection of his room. Meyer v. Kent, No. 01-5836, slip op. at 5 (D.N.J. Mar. 29, 2004). Plaintiff alleges that the staff used excessive force to restrain and move him after he protested the inspection. Id. Defendants claim that the amount of force used was necessary since Plaintiff attempted to bite two of the guards who were attempting to restrain and escort him out of the room so the inspection could take place. Id. At 7.

On June 17, 2002, Plaintiff filed an amended complaint alleging violations of the Fourteenth Amendment by several members of the staff, guards, and administrators of the STU. Plaintiff originally claimed that Defendants' actions constituted a violation of the equal

protection clause and an unreasonable search in addition to his excessive force claim. Id. at 4. On March 18, 2003, the Court dismissed several Defendants. Id. On June 12, 2003, the remaining Defendants filed a motion for summary judgement arguing that (1) the STU search policy was reasonably related to a legitimate governmental interest, and (2) the State Defendants are entitled to qualified immunity. On March 29, 2004, the Court (former Chief Judge Bissell presiding) granted Defendants' summary judgement motion on Plaintiff's equal protection and unreasonable search claims, but denied the motion on Plaintiff's excessive force claim. Id. On February 25, 2005, Peter Bracuti, Esq. was assigned as Pro Bono counsel for Plaintiff. On August 24, 2005, Defendants filed a second motion (the present motion) for summary judgement on Plaintiff's remaining excessive force claim, arguing again that the State Defendants are entitled to qualified immunity and additionally arguing that summary judgement should be granted because: (1) Plaintiff only suffered de minimus injuries that are not actionable, (2) Plaintiff has failed to provide any evidence of personal involvement against Defendants Rogers, Ferguson, and Santiago (the STU Administrator, Clinical Director, and Assistant Superintendent respectively) but instead based the complaint against these Defendants on a theory of *respondeat superior* which is not a basis for liability under § 1983, (3) Plaintiff's complaint seeking monetary damages from Defendants in their official capacities should be dismissed, and (4) Plaintiff cannot prove that he is entitled to punitive damages. On August 31, 2005, the case was reassigned.

## *FACTUAL ALLEGATIONS IN DISPUTE*

The Court's opinion of March 29, 2004 thoroughly sets forth the disputed factual

allegations, and will be adopted for the purposes of the present motion as well.  Meyer v. Kent, No. 01-5836, slip op. at 5-11 (D.N.J. Mar. 29, 2004).

## *DISCUSSION*

A. Standard for Summary Judgement

Summary Judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law, Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment, Id.  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any reasonable favorable inference to that party; in other words, "[T]he nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor,'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999), quoting, Anderson, 477 U.S. at 255.  But where the nonmoving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (U.S. 1986).

B. Qualified Immunity and Law of the Case

Defendants argue that the state Defendants are entitled to summary judgement on the remaining excessive force claim based on qualified immunity because Plaintiff does not meet the two-part line of inquiry outlined in Saucier v. Katz, 533 U.S. 194, 200 (2001).  Defendants made the same argument earlier in the proceedings as part of their summary judgement motion decided March 29, 2004.  The Court ruled that the numerous contested factual issues precluded a ruling in favor of Defendants' position.  Meyer v. Kent, No. 01-5836, slip op. at 23-28 (D.N.J. Mar. 29, 2004).  The law of the case doctrine maintains that a court should not reopen issues decided in earlier stages of the same litigation.  Messenger v. Anderson, 225 U.S. 436, 444 (1912).  The doctrine does not apply if the court is "convinced that [its prior decision] is clearly erroneous and would work a manifest injustice."  Arizona v. California, 460 U.S. 605, 618, n. 8 (1983).  There is no evidence before the Court and the Defendants do not argue that the prior decision was clearly erroneous or resulted in manifest injustice to either party.  The decision set out in the Opinion of March 29, 2004 denying Defendants' motion on these grounds will therefore be upheld in accordance with the law of the case doctrine.


C. De Minimus Injuries

Defendants additionally argue that they are entitled to summary judgement because even if force was used against Plaintiff, he suffered only de minimus injuries that are not actionable. This topic was also briefly addressed in the Court's opinion of March 29, 2004, Slip Op. at p. 26.  However, at that time it was not an argument contained in Defendants' moving papers.

5

Since it is a point in Defendants' current motion, it will be addressed here.

Although an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner. Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir.2001) (holding that an excessive-force claim from an involuntarily committed state hospital patient should be evaluated under the same standard as an excessive-force claim brought by pretrial detainee). Because an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply. See Neely v. Feinstein, 50 F.3d 1502, 1508 (9th Cir.1995); see also Youngberg v. Romeo, 457 U.S. 307, 324-325 (1982) (concluding that an involuntarily committed patient has substantive due process rights under the Fourteenth Amendment and the Eighth Amendment was not the proper standard of liability); DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 199 (1989) ("The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."). The rights of patients in psychiatric hospitals more appropriately arise under the Fourteenth Amendment.

In Youngberg, 457 U.S. 307, a case involving a mentally ill person involuntarily committed to a state institution, the Supreme Court reasoned that "persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Id. at 321-22. Involuntarily committed persons enjoy "constitutionally protected interests in conditions of reasonable care and safety," giving rise to an unquestioned "state duty to provide reasonable safety for all residents and personnel within the institution." Id. at 324. The logic of the

Supreme Court's ruling in Youngberg dictates that involuntarily committed mental patients are at least afforded the same protection against the excessive use of force as convicted prisoners.

In Brooks v. Kyler, 204 F.3d 102, 108 (2000), the Court of Appeals for the Third Circuit held that the absence of significant resulting injury is not a per se reason for dismissing a claim based on alleged wanton and unnecessary use of force against a prisoner. "Although the extent of an injury provides a means of assessing the legitimacy and scope of the force, the focus always remains on the force used (the blows). The constitutional touchstone is whether punishment is cruel and unusual." Id. (Citing Hudson v. McMillan, 503 U.S. 1, 11 (1992)). There are several factors used to determine whether an officer used excessive force in a claim alleging violation of the Eighth Amendment: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." Id. at 106 (Citing Whitley v. Albers, 475 U.S. 312, 321 (1986)). The extent of injuries inflicted is merely one of those factors to be considered and is not determinative on the issue of excessive force amounting to punishment. Plaintiff is at least entitled to this same standard according to the Supreme Court's decision in Youngberg.

Despite Defendants' argument for summary judgement based on the "de minimus" nature of Plaintiff's injuries, this alone is not an adequate basis for granting summary judgement. The trier of fact must examine the disputed facts in order to determine whether the amount of force used by the STU staff was reasonable in light of the surrounding circumstances. Since there is dispute from both sides regarding the events leading up to Plaintiff's restraint and alleged abuse,

summary judgement cannot be granted on this issue.


C.  *Respondeat Superior* and § 1983

Defendants Rogers, Ferguson, and Santiago (the STU Administrator, Clinical Director, and Assistant Superintendent respectively) additionally argue for summary judgement because they allege Plaintiff has failed to provide any evidence of their personal involvement and *respondeat superior* is not a basis for liability under § 1983. Plaintiff does not respond to this argument in his opposition brief, nor does he offer any evidence to refute Defendants' assertions in this regard.

It is well established that a claim brought pursuant to 42 U.S.C. § 1983 may not be supported on the basis of vicarious liability or on a *respondeat superior* theory of liability. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978). A defendant in a civil rights action must have personal involvement in the alleged wrongs. Parratt v. Taylor, 451 U.S. 527, 537 n. 3 (1981); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3rd Cir. 1988). In the present case, Defendants Rogers, Ferguson, and Santiago appear to be included in the complaint merely because at some point in time Rogers and Ferguson failed to order Plaintiff's release, and Santiago allowed Plaintiff's room to be searched. (Am. Compl. at p. 3-5) Plaintiff does not support his remaining excessive force claim with any evidence (or claim) of either action or acquiescence on the part of any of these three defendants

8

which contributed to his action under § 1983. Summary Judgement will therefore be granted for these Defendants.

D. <u>Monetary Damages Against State Defendants in Their Official Capacity</u>

Defendants argue that Plaintiff's complaint seeking monetary damages against State Defendants in their official capacity should be dismissed because of the Eleventh Amendment bar to damage actions against the state in federal court. Plaintiff does not respond to this argument in his opposition brief, nor does he offer any arguments to refute Defendants' assertions in this regard.

The United States Supreme Court has held that, absent waiver by the state or valid congressional override, the Eleventh Amendment bars a damages action against a state in federal court. See <u>Ford Motor Co. v. Department of Treasury of Indiana,</u> 323 U.S. 459, 464 (1945). This bar remains in effect when state officials are sued for damages in their official capacity. <u>Cory v. White</u>, 457 U.S. 85, 90 (1982); <u>Edelman v. Jordan</u>, 415 U.S. 651, 663 (1974). That is so because, "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents...." <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).

In the present case, Plaintiff has listed each Defendant (all state employees working at the STU) in their official capacities as well as their individual capacities. Plaintiff has provided no evidence of waiver or valid congressional override to support the portion of his complaint which seeks damages against Defendants in their official capacities. Therefore, summary judgement will be granted in favor of all defendants with regards to damage claims sought against them in their official capacities.

E. <u>Punitive Damages</u>

Defendants additionally argue that Plaintiff cannot prove that he is entitled to punitive damages. Plaintiff claims that he has provided prima facie evidence of entitlement to punitive damages and should be allowed to pursue them.

A jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983). Punitive damages should not be awarded unless defendants' conduct has been "particularly egregious" with defendants having acted with actual knowledge that they were violating a federally protected right or with reckless disregard of whether they were doing so. <u>Conchetti v. Desmond</u>, 572 F.2d 102, 105-106 (3rd Cir. 1978). Punitive damages are not to be awarded unless there is a showing that the prescribed action has been a constant pattern or practice of behavior of defendants and that such practice has been willful and disregards the rights of the plaintiff. <u>Urbano v. McCorkle</u>, 334 F.SUpp. 161, 170 (D.N.J. 1971).

In the present case, there are a large number of disputed facts which will have to be decided at the appropriate time. Plaintiff's allegations and supporting certifications would permit a jury to find that defendants acted with the requisite malice, intent, and evil thought described above as cause for awarding punitive damages. Therefore, summary judgement as to this issue will be denied.

## ***CONCLUSION***

For all the reasons stated above, Defendants' motion for summary judgement will be

granted dismissing all claims against Defendants Rogers, Ferguson, and Santiago, and dismissing all claims seeking monetary damages against the remaining defendants in their official capacities. Defendants' motion for summary judgement on the basis of qualified immunity, de minimus injuries, and punitive damages will be denied.

                                                   /s/ Dickinson R. Debevoise
                                                   Dickinson R. Debevoise, U.S.S.D.J.

Dated: November 22, 2005