**NOT FOR PUBLICATION**                                                                    **CLOSED**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Robert J. Meyers<br><br>           Plaintiff,<br><br>     v.<br><br>Lieutenant Kent, et al.,<br><br>           Defendants. | CIVIL ACTION NO. 01-5836 (DRD-MF)<br><br>**OPINION** |

Appearances

WALDER, HAYDEN & BROGAN, P.A.
Peter G. Bracuti, Esq.
5 Becker Farm Road
Roseland, New Jersey 07068
      *Pro Bono Counsel for Plaintiff*

ZULIMA V. FARBER
ATTORNEY GENERAL OF NEW JERSEY
Tamara L. Rudow, Deputy Attorney General
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
      Attorney for Defendants Lieutenant Kent, Sergeant Jerry Collins, Sergeant Gene Prince, SCO Alex Cruz, SCO Christopher Esposito, SCO Louis Hall, SCO Kevin Jones, SCO Angel Munoz, SCO LeGrande Roseborough, SCO Joseph Sommers, and SCO Miguel Velez

**Debevoise, Senior District Judge**


## I. PROCEDURAL HISTORY

Plaintiff, Robert J. Meyers, ("Plaintiff") an inmate civilly committed to the Special

Treatment Unit ("STU") in Kearny, New Jersey, filed suit on December 17, 2001, alleging violations of his civil rights under 42 U.S.C. § 1983. On June 17, 2002, Plaintiff filed an amended complaint alleging violations of the Fourteenth Amendment by several members of the staff, guards, and administrators of the STU. Plaintiff originally claimed that Defendants' actions constituted a violation of the equal protection clause and an unreasonable search in addition to his excessive force claim. Meyer v. Kent, No. 01-5836, slip op. at 4 (D.N.J. Mar. 29, 2004). On March 18, 2003, the Court dismissed several Defendants. Id. On June 12, 2003, the remaining Defendants filed a motion for summary judgment arguing that (1) the STU search policy was reasonably related to a legitimate governmental interest, and (2) the State Defendants are entitled to qualified immunity. On March 29, 2004, the Court (former Chief Judge Bissell presiding) granted Defendants' summary judgment motion on Plaintiff's equal protection and unreasonable search claims, but denied the motion on Plaintiff's excessive force claim. Id. On February 25, 2005, Peter Bracuti, Esq. was assigned as Pro Bono counsel for Plaintiff. On August 24, 2005, Defendants filed a second motion for summary judgment on Plaintiff's remaining excessive force claim, arguing again that the State Defendants are entitled to qualified immunity and additionally arguing that summary judgment should be granted because: (1) Plaintiff only suffered de minimis injuries that are not actionable, (2) Plaintiff has failed to provide any evidence of personal involvement against Defendants Rogers, Ferguson, and Santiago (the STU Administrator, Clinical Director, and Assistant Superintendent respectively) but instead based the complaint against these Defendants on a theory of *respondeat superior* which is not a basis for liability under § 1983, (3) Plaintiff's complaint seeking monetary damages from Defendants in their official capacities should be dismissed, and (4) Plaintiff cannot

prove that he is entitled to punitive damages. On August 31, 2005, the case was reassigned. On November 22, 2005, the Court granted Defendants' motion for summary judgment as to three defendants, and dismissed all claims against defendants in their official capacities, while denying summary judgment as to the remaining defendants. Meyer v. Kent, 01-5836, slip op. at 8-9 (D.N.J. Nov. 22, 2005). Remaining Defendants now seek summary judgment as to the allegation of excessive force.

## II.  BACKGROUND

Plaintiff, Robert J. Meyers, is a civilly committed sexually violent predator. Since his commitment in 2000, and before the events giving rise to this lawsuit, Plaintiff had been placed in the Restricted Activities Program multiple times for disciplinary infractions. (Meyers Dep. 12:13-23). One of these prior incidents involved his refusing to move and resisting guards. (Meyers Dep. 13:15-23). On October 25, 2001, SCO Esposito asked Plaintiff to step outside of his room so that it could be searched. (Meyers Dep. 21:4-8). Meyers refused, despite knowing that the STU Resident Handbook requires a resident to step outside the room for a search. (Meyers Dep. 21:9-22). After Meyer's refusal, Lt. Kent arrived, and again asked Plaintiff to leave his room. Meyers asked why the search was necessary, and did not exit. (Meyers Dep. 22:2-23). Lt. Kent then asked Plaintiff to stand up so that he could be handcuffed, and Plaintiff stood up, but struggled against SCO Roseborough. (Meyers Dep. 22:24-23:8). SCO Roseborough punched Plaintiff, who fell to the bed and hit his head against the wall. (Meyers Dep. 23:9-17). During the struggle, Plaintiff also attempted to bite SCO Roseborough and Lt. Kent. (Meyers Dep. 23:22-24:6). Plaintiff was then carried out of the room, and taken for a medical examination. (Meyers Dep. 24:22-25:21). Plaintiff sustained lacerations on the wrists

(from handcuffs), bruising and lacerations around the throat, and a laceration behind his ear as a result of this altercation. (Meyers Dep. 29:21-30:4) (Lagana Aff. Ex. E).

### III.  DISCUSSION

### Standard of Review

Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the nonmoving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting, Anderson, 477 U.S. at 255). But where the nonmoving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (U.S. 1986).

### Defendants Collins, Sommers, Munoz, Hall and Velez

In his deposition, Plaintiff admitted that Defendants Collins, Sommers, Munoz, Hall, and

4

Velez were not involved in any use of force against him. (Meyers Dep. 37-38). In order for liability to attach in an civil rights action, a defendant must have been personally involved in the violation. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). There being no dispute as to this important point, summary judgment is granted as to Defendants Collins, Sommers, Munoz, Hall, and Velez.

### The Remaining Claims

Defendants assert a defense of qualified immunity. Government officials are generally immune from civil liability for actions that do not "violate established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Because qualified immunity is "an immunity from suit rather than a mere defense to liability," qualified immunity questions are to be resolved "at the earliest possible stage in litigation." Saucier v. Katz, 533 U.S. 194, 201 (2001) (citations omitted). In addressing qualified immunity, a court must first "determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all." Sutton v. Rasheed, 323 F.3d 236, 250 n.27 (3d Cir. 2003) (citing Wilson v. Layne, 526 U.S. 603, 609 (1999) (citations omitted)).

The rights of involuntarily civilly committed individuals, including the right to be free of the use of excessive force, are found in the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 312 (1982). However, conduct that would constitute "cruel and unusual punishment" under the Eighth Amendment also violates the Fourteenth Amendment. Fuentes v. Wagner, 206 F.3d 335, 346 (3d Cir. 2000) (holding that the Fourteenth Amendment provides a pre-trial detainee at least the same protection as an inmate would have under the Eight Amendment). Accordingly, this Court applies Eight Amendment jurisprudence to determine the rights of

involuntarily civilly committed individuals.  See Bondurant v. Sandburg, Civ. No. 03-3648, slip op. at 6 n.4 (D.N.J. June 2, 2006).

The Eight Amendment prohibits "cruel and unusual punishments."  U.S. Const. Amend. VIII.  In an excessive force claim, the court must determine "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm."  Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).  Summary judgment for a defendant is warranted where the evidence, viewed in the light most favorable to the plaintiff, does not support "a reliable inference of wantonness in the infliction of pain."  Whitley v. Albers, 475 U.S. 312, 322 (1986).  Factors for a court to consider in this inquiry include "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  Hudson, 503 U.S. at 7 (internal quotation marks and citation omitted).  Further, the extent of a plaintiff's injuries is relevant, but not dispositive.  Id.

First, the Court notes that Plaintiff's injuries, by his own deposition testimony, were minor.  See Bondurant, slip op. at 7 (characterizing redness, swelling, an abrasion, headache, and backache as *de minimis*) (citing Marshall v. Odom, 156 F.Supp.2d 525, 530 (D.Md. 201).  By itself, the lack of serious injury does not warrant dismissal.  Smith v. Mesinger, 293 F.3d 641 (3d Cir. 2002).  However, "[t]his is not to say . . . that the degree of resulting injury is not highly relevant to the determination of the reasonableness of the force used."  Brooks v. Kyler, 204 F.3d 102, 108-109 (3d Cir. 2000); see also Hudson, 503 U.S. at 7 ("The extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought

6

necessary") (internal quotation marks and citation omitted).

Second, the Court is mindful of the fact that Plaintiff was not cooperating with a legitimate request, and had a history of disciplinary infractions while civilly committed, including refusing a prior search. Since Plaintiff refused to leave his room for a search, it was quite sensible that the officers felt it necessary to restrain or remove him, and the necessity of the use of force was manifest. Plaintiff admits that he struggled against SCO Roseborough's attempt to handcuff him. According to Plaintiff's own deposition, it was at this point that SCO Roseborough pushed and punched Plaintiff, and placed his hands on Plaintiff's throat. That the officers reasonably perceived a threat from someone physically resisting them is obvious. The minor extent of Plaintiff's injuries indicates that the amount of force actually used was reasonable under the circumstances. Surely an officer who exhibited "wantonness in the infliction of pain," Whitley, 475 U.S. at 322, would have been able to do a great deal more damage to Plaintiff. Furthermore, even if the amount of force employed exceeded the minimum amount necessary, in retrospect, to subdue Plaintiff, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Hudson, 53 U.S. at 9 (internal quotation marks and citation omitted).

Plaintiff's argument that any restraint or force was unnecessary rests on the assertion that the requested search was unnecessary, because Plaintiff's room had already been searched that day. The necessity of the search is immaterial. Plaintiff knew that he was required to consent to a search of his room. Furthermore, the search itself has already been determined not to have violated Plaintiff's rights. Meyer v. Kent, No. 01-5836, slip op. at 4 (D.N.J. Mar. 29, 2004). The undisputed facts remain that Plaintiff did not consent to the search as required. Plaintiff's

contention that "SCO Roseborough initiated the altercation by initially applying physical restraint upon the Plaintiff" (Def.'s Br. at 18) ignores the fact that restraint would have been unnecessary had Plaintiff simply done what he knew was required of him.  Once restraint did become necessary, however, it was Plaintiff who initiated the violence.

When the circumstances of this altercation are examined in light of the factors listed above, it is clear that the officers used appropriate force in response to a reasonably perceived threat, and that there was therefore no violation of the Eighth or Fourteenth Amendments.  Because no constitutional violation occurred, no further inquiry is required, and the remaining Defendants, Lieutenant Kent, Sergeant Gene Prince, SCO Alex Cruz, SCO Christopher Esposito, SCO Kevin Jones, and SCO LeGrande Roseborough, are entitled to summary judgment.

/s/Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:       July 13, 2006