NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Robert J. MEYER, Sr., | : | |
| Plaintiff, | : | |
|  | : | Civil Action 01-5836 |
| v. | : | |
|  | : | **OPINION** |
| Lt. Robert KENT, et al., | : | |
| Defendants. | : | |

Appearances by:

Robert J. Meyer, Sr.
P.O. Box 699
Kearny, New Jersey 07032

 *Pro Se Plaintiff*

Tamara L. Rudow, Esq.
OFFICE OF THE NJ ATTORNEY GENERAL
DIVISION OF LAW
RJ Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112

 *Attorney for Defendants*


**DEBEVOISE, United States Senior District Judge**

 By way of letter, Plaintiff Robert J. Meyer, Sr. ("Meyer") makes Application for a

Certificate of Appealability ("COA") from the Order of the Court dated July 13, 2006 and

entered September 29, 2006, which granted Defendants motion for summary judgment and dismissed Meyer's case. Because the basis of the complaint filed by Meyer was a § 1983 prisoner civil rights violation case, not a § 2255 habeas corpus petition, Meyer's application is denied as inappropriate under the circumstances cited below.

## BACKGROUND

The procedural history and background are developed in detail in the July 13, 2006 Opinion of the Court. For reasons of judicial economy, the details will not be repeated here except to say that the issue before the Court concerned the use of excessive force by eleven of the named Defendants. Because Meyer admitted that five Defendants[1] were not involved in the use of force against him, the Court granted summary judgment as to those Defendants.

The remaining six Defendants[2] asserted that qualified immunity protected them from civil liability. In addressing qualified immunity, the Court was required to determine whether Meyer alleged deprivation of the rights, guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution, to be free from conduct that would constitute cruel and unusual punishment and from the use of excessive force.

Meyer admitted that his injuries were minor and were sustained when he refused to consent to a request to search his cell. The Court concluded, based on Meyer's admission and other facts, that Meyer knew that he was required to consent to the search and that the minor extent of his injuries indicated use of reasonable force. The Court, therefore, granted summary judgment in favor of the remaining six Defendants and dismissed the complaint against all Defendants.

---

[1] Those Defendants were Collins, Sommers, Munoz, Hall, and Velez.

[2] The remaining Defendants were Kent, Prince, Cruz, Esposito, Jones, and Roseborough.

Concurrent with its Opinion, the Court issued an Order granting in its entirety Defendants' motion for summary judgment and dismissed the complaint against all Defendants. Both the Opinion and the Order were entered on September 29, 2006.

On October 25, 2006, Meyer wrote a letter to the Clerk of the Court which reads:

> Please be advised that as of the Court's opinion Granting Defendants Motion for Summary Judgment and Dismissing the case filed on July 13, 2006 and entered on Sept. 29, 2006, Plaintiff moves before this Court for Certificate of Appealability. [Sic].

## ANALYSIS

A certificate of appealability is required where there is an appeal from a habeas corpus proceeding. 28 U.S.C.A. § 2253(c) (1996). See also Federal Rule of Appellate Procedure 22(b). Meyer's action is a civil rights action. Accordingly, Meyer does not need a COA to proceed with his appeal. His application for a COA, therefore, is denied as unnecessary.

## CONCLUSION

Because a COA is unnecessary to appeal an order of the district court in a § 1983 prisoner civil rights violation action, Meyer's application will be denied. An appropriate Order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: November 29th, 2006